UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

ANDRE WONG,

                Defendant.

24-cv-4231 (PKC)

---

**FINAL JUDGMENT AS TO DEFENDANT ANDRE WONG**

The Securities and Exchange Commission having filed a Complaint and Defendant Andre Wong ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

1

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)].

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $62,574, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,924. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty in the amount of $93,861 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)]. Defendant shall satisfy these obligations by paying $169,359 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Andre Wong as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

4

securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 30, 2025

UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDRE WONG,<br><br>        Defendant. | 24-cv-4231 (PKC) |

## CONSENT OF DEFENDANT ANDRE WONG

1. Defendant Andre Wong ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] as set forth in the Final Judgment;

  (b) prohibits Defendant for a period of five years from acting as an officer or director of any issuer that has a class of securities registered pursuant to

1

>   Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];
>
> (b)  orders Defendant to pay disgorgement in the amount of $62,574, plus prejudgment interest thereon in the amount of $12,924; and
>
> (c)  orders Defendant to pay a civil penalty in the amount of $93,861 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that

3

are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section

4

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: January 23, 2025             _____
                                    Andre Wong

On January 23, 2025, Andre Wong, ~~a person known to me,~~ Presented two valid forms of identification, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Permanent Commission

YUN JIN KIM
Notary Public
Jerome Tsang Notary Corporation
205 - 5704 Balsam Street
Vancouver, BC V6M 4B9
Permanent Commission

Witnessed as to Execution Only
No Legal Advice Sought or Given

Approved as to form:

_____
Michael L. Wong
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
415-858-7474
mlwong@willkie.com
Attorney for Defendant

6